1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

MELCHOR JUAREZ,                    )    Case No. CV12-6121-CJC (DTB)
                                    )
                  Petitioner,      )
                                    )    ORDER TO SHOW CAUSE
            vs.                     )
                                    )
DOMINGO URIBE, JR.,                )
Warden,                            )
                                    )
                  Respondent.      )

17
18
19
20
21

      On July 16, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a
Person in State Custody ("Pet.") herein.  The Petition purports to be directed to a
2006 conviction sustained by petitioner in Los Angeles County Superior Court. (See
Pet. at ¶¶ 1-2.)  Petitioner purports to be raising one ground for relief. (See Pet. at ¶
7(a).)

22
23
24
25
26

      Based on its review of the Petition as well as information derived from the
California Appellate Courts website[1], it appears to the Court that the Petition is time
barred.  Accordingly, on or before **August 28, 2012**, petitioner is ORDERED to show
/ / /
/ / /

27
28

      [1]     http://appellatecases.courtinfo.ca.gov/index.html

1

1  cause in writing (if any he has) why the Court should not recommend that this action

2  be dismissed with prejudice on the ground of untimeliness.[2]

3

4                                    **THE TIME BAR ISSUE**

5      Since this action was filed after the President signed into law the Antiterrorism

6  and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is

7  subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §

8  2244(d).  See Calderon v. United States District Court for the Central District of

9  California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3]  28 U.S.C. § 2244(d)

10 provides:

11            "(1)   A 1-year period of limitation shall apply to an application

12       for a writ of habeas corpus by a person in custody pursuant to the

13       judgment of a State court.  The limitation period shall run from the latest

14       of--

15                 (A)   the date on which the judgment became final by

16             conclusion of direct review or the expiration of the time for

17             seeking such review;

18                 (B)   the date on which the impediment to filing an

19             application created by State action in violation of the Constitution

20  ─────────────────

21       [2]     The Ninth Circuit has held that the district court has the authority to raise
22  the statute of limitations issue *sua sponte* when untimeliness is obvious on the face
    of the petition and to summarily dismiss a petition on that ground pursuant to Rule
23  4 of the Rules Governing Section 2254 Cases in the United States District Courts, so
24  long as the court "provides the petitioner with adequate notice and an opportunity to
    respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
25  260 F.3d 1039, 1042-43 (9th Cir. 2001).

26

27       [3]     Beeler was overruled on other grounds in Calderon v. United States
28  District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1     or laws of the United States is removed, if the applicant was

2     prevented from filing by such State action;

3     (C)   the date on which the constitutional right asserted

4     was initially recognized by the Supreme Court, if the right has

5     been newly recognized by the Supreme Court and made

6     retroactively applicable to cases on collateral review; or

7     (D)   the date on which the factual predicate of the claim

8     or claims presented could have been discovered through the

9     exercise of due diligence."

11     From a review of the Petition, as well as the California Appellate Courts

12 website, it appears that petitioner appealed the underlying judgment of conviction to

13 the California Court of Appeal, which subsequently affirmed the judgment of

14 conviction on June 30, 2008. Thereafter, petitioner filed a Petition for Review in the

15 California Supreme Court on or about August 12, 2008, which was subsequently

16 denied on September 17, 2008. Thus, "the date on which the judgment became final

17 by conclusion of direct review or the expiration of the time for seeking such review"

18 was December 16, 2008, when the 90-day period within which to petition the United

19 States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d

20 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Therefore, for purposes

21 of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction became final on

22 December 16, 2008, and his one-year limitations period under the AEDPA expired

23 on December 16, 2009, absent either a late-trigger date or a basis for tolling of the

24 statute.

25     From the face of the Petition, it does not appear that petitioner has any basis for

26 contending that he is entitled to a later trigger date under§ 2244(d)(1)(B). Nor does

27 it appear that petitioner has a basis for contending that any of his claims is based on

28 a federal constitutional right that was initially recognized by the United States

1 Supreme Court subsequent to the date of his conviction became final and that has

2 been made retroactively applicable to cases on collateral review, as provided in §

3 2244(1)(C).  Finally, it appears that petitioner has no basis for contending that he is

4 entitled to a later trigger date under § 2244(d)(1)(D) since petitioner was aware of the

5 **factual** predicate of his claim as of the date his petition for review was denied.  See

6 Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations

7 begins to run when a prisoner "knows (or through diligence could discover) the

8 important facts, not when the prisoner recognizes their legal significance").

9 Thus, unless a basis for tolling the statute existed, petitioner's last day to file

10 his federal habeas petition was December 16, 2009.  See Patterson v. Stewart, 251

11 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

12 28 U.S.C. § 2244(d)(2) provides:

13 "The time during which a properly filed application for State post-

14 conviction or other collateral review with respect to the pertinent

15 judgment or claim is pending shall not be counted toward any period of

16 limitation under this subsection."

17

18 In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed

19 the foregoing tolling provision with reference to California's post-conviction

20 procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the

21 time the first state habeas petition is filed until the California Supreme Court rejects

22 the petitioner's final collateral challenge."  See id. at 1006.  Accord, Carey v. Saffold,

23 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for

24 purposes of statutory tolling, a California petitioner's application for collateral review

25 remains "pending" during the intervals between the time a lower state court denies

26 the application and the time the petitioner files a further petition in a higher state

27 court).  However, the statute of limitations is not tolled during the interval between

28 / / /

1 | the date on which the judgment of conviction became final and the filing of the
2 | petitioner's first collateral challenge.  See Nino, 183 F.3d at 1006.

3 |       Petitioner's Petition for Review to the California Supreme Court was denied
4 | September 17, 2008, and his conviction became final 90 days later, on December 16,
5 | 2008.  Petitioner asserts that he did collaterally attack his judgment of conviction
6 | through the filing of a petition for writ of habeas corpus in state court (see Pet. at 3),
7 | and there is no indication or record of petitioner filing any state habeas petition or
8 | otherwise collaterally challenging his conviction during the approximately three-and-
9 | a-half year period between the denial of his Petition for Review and the filing of the
10 | instant Petition.  Once the AEDPA limitations period lapsed in December, 2009, it
11 | could not be reinitiated.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
12 | 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations
13 | period that has ended before the state petition was filed," even if the state petition was
14 | timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v.
15 | Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001,
16 | 1003 (9th Cir. 2000).  Thus, it appears there is no basis for statutory tolling of the
17 | limitations period with respect to the Petition.

18 |       In Holland v. Florida, _U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held
19 | that the timely filing of a habeas petition was not jurisdictional, but rather was subject
20 | to equitable tolling.  If petitioner intends to rely on the equitable tolling doctrine for
21 | purposes of arguing that his federal habeas petition is timely, he will need to include
22 | with his Response to this Order to Show Cause a declaration under penalty of perjury
23 | stating facts showing (1) that he has been pursuing his rights diligently, and (2) that
24 | some "extraordinary circumstances" beyond petitioner's control stood in his way
25 | ///
26 | ///
27 | ///
28 | ///

and/or made it impossible for him to file the Petition on time.   See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: July 30, 2012

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

6